### PHILIP F. SLACK v. JOSEPH REEDER.

If a plaintiff, who becomes entitled to a judgment by default in vacation, omits to enter the same until after the term next after such default, he cannot have such judgment until he has given thirty days' notice to the defendant.

*G. S. Cannon*, for the defendant, moved to set aside the judgment in this case, as having been improvidently entered. *A. Dutcher*, for plaintiff, *contra*. Before ELMER and VAN DYKE, Justices.

The opinion of the court was delivered by

ELMER, J. The summons in this case was returnable in May, 1862, and a declaration filed within thirty days thereafter. No further proceedings were taken until the present term of the court, when a judgment was entered by default, and an assessment filed, followed by a final judgment and execution. This proceeding was claimed to be in pursuance of the second section of the act to facilitate the administration of justice, *Nix. Dig.* 633, § 110.* We think this judgment was irregularly entered, and must be set aside, and we find, on consultation with the other judges, that they concur in this opinion. There is nothing in the statute which

*Rev., p. 877, § 144.

interferes with the full operation of section 90 of the rules of this court. That section requires that, "if any party would take advantage of the failure of the adverse party in not filing his declaration, plea, or other pleading, within the time prescribed by law, he shall take such advantage at the term next after such failure." The statute authorizes an entry of the judgment in term, or in vacation, so that if after the default, a judgment shall not have been entered before the term, it may be then entered by the attorney without the order of the court, or by a special order therefor, as before the statute. But if the plaintiff fails to do either, he comes within the operation of the rule, and cannot afterwards enter his judgment under the statute or by order of the court on motion, unless he has given thirty days' notice to the adverse party, as prescribed by the rule.

Judgment set aside.

CITED in *Dock* v. *Elizabethtown Manufacturing Co.*, 5 *Vroom* 314.